**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ARNOLD KARR, FRANK CAPUTO, GARY WOOD,   )
JAMES DYSON, TERRY MALONEY, WILLIAM   )   FILED: APRIL 22, 2008
BIGGERSTAFF as TRUSTEES of the CHICAGO   )   08cv2302    LCW
PRE-PAID LEGAL FUND; the CHICAGO AREA   )   JUDGE PALLMEYER
PRE-PAID LEGAL FUND   )   MAGISTRATE JUDGE MASON
  )
                  Plaintiffs,   )
  )
  )
-vs-   )   No.
  )
HOTEL BLAKE   )
  )
              Defendant.   )

**COMPLAINT**

Plaintiffs, ARNOLD KARR, et al., for their Complaint against Defendant, HOTEL

BLAKE, (hereinafter "Blake") states as follows:

1.      This action arises under §502 and §515 of the Employee Retirement Income

Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, §1145, and §301 of the Labor

Management Relations Act (hereinafter "LMRA") 29 U.S.C. §185, and jurisdiction is founded on

the existence of questions arising hereunder.

2.      The Plaintiffs, ARNOLD KARR, FRANK CAPUTO, GARY WOOD, JAMES

DYSON, TERRY MALONEY, AND WILLIAM BIGGERSTAFF, are each a duly authorized

and acting Trustee of the CHICAGO AREA PRE-PAID LEGAL FUND, and bring this action in

such capacity.

3.      Plaintiff, CHICAGO AREA PRE-PAID LEGAL FUND (hereinafter "LEGAL

FUND") is a multi-employer plan and brings this action in such capacity as entities under the

provisions of ERISA, 29 U.S.C. §1001, et. seq. and LMRA, 29 U.S.C. §185, with this plan being

administered in the Northern District of Illinois.

4.    Due to the administration of the plan in the Northern District of Illinois, venue is

proper in this district.  See ERISA, 29 U.S.C. §1132(e)(2).

5.    Defendant, Hotel Blake has been engaged in the hotel business, and from July 31,

2007 through approximately March 31, 2008, it owned, maintained and operated a place of

business known as the Hotel Blake, located at 500 S. Dearborn Street, City of Chicago and the

State of Illinois.

6.    Blake was an employer engaged in an industry affecting commerce and had

agreed to be bound by a collective bargaining agreement, as set forth below, whereunder Blake,

was required inter alia, to pay employee fringe benefits in the form and manner of monthly

contributions to the Plaintiff LEGAL FUND managed by Plaintiffs, TRUSTEES, on behalf of the

eligible employees of Blake.

7.    On or about March 1, 2003, Hyatt on Printers Row executed a Collective

Bargaining Agreement with the Chicago Joint Executive Board of the Hotel and Restaurant

Employees International Union, AFL-CIO, and its affiliated Local Union 1 and Local Union 450

(hereinafter "Union"), which Agreement was in full force and effect through March 31, 2008.

An accurate copy of that Agreement is attached hereto and made a part hereof as Exhibit "A."

8.    On or before June 30, 2007, Hotel Blake accepted an assignment of the

aforementioned Collective Bargaining Agreement when it assumed control of the hotel located at

500 S. Dearborn Street, City of Chicago and the State of Illinois.

9.    The aforesaid Collective Bargaining Agreement bound the Defendant, Blake, to

the Amended and Restated Agreement and Declaration of Trust creating the Plaintiff, LEGAL

FUND, under the terms of which Blake must, <u>inter</u> <u>alia</u>, pay interest upon any delinquent sums owed to the Plaintiffs at the rate of 1.5% and liquidated damages at the rate of 20% of the unpaid contributions (whichever amount is greater as of the date of judgment), plus reasonable attorney's fees, court costs and other reasonable costs incurred by Plaintiffs in the collection process.

10.     Blake has breached the aforesaid Collective Bargaining Agreement by failing and refusing to pay the Plaintiffs the following amounts which are due and owing to Plaintiff, TRUSTEES, and Plaintiff, LEGAL FUND, for the period of July 31, 2007 through March 31, 2008.

11.     Under the terms of the aforesaid Collective Bargaining Agreement and the aforesaid Amended and Restated Agreement and Declaration of Trust, Blake is responsible for all of the litigation costs, including court costs and attorney's fees expended by the Plaintiffs in order to obtain access to the records necessary to conduct an audit, and to recover the sums owed to the LEGAL FUND.

12.     Plaintiffs have complied with all conditions precedent in bringing this action.


WHEREFORE, the Plaintiffs, TRUSTEES, and the Plaintiff, LEGAL FUND, pray as follows:

A)     For a monetary judgment for the sums owed to the LEGAL FUND for the period of July 31, 2007 through March 31, 2008 in the amount of $4,516.20, plus accrued interest through March, 2008, in the amount of $541.46, late fees in the amount of $150.60, for a total indebtedness due Plaintiff's of $5,208.26.

B)     Additional interest through the date of judgment at 1.5% per month on the outstanding contributions, and any additional amount due as disclosed by audit as prayed, together with an award of reasonable attorney's fees, court costs, liquidated damages of 20% as provided for under the aforesaid trust agreements and 29 U.S.C. §1132(g)(2)(A)-(E).

C)      That the Defendant, Blake, be ordered to pay all of the Plaintiffs' court costs and

attorney's fees expended in order to obtain a judgment for the sums owed.

D)      For such other relief deemed necessary and just.

Respectfully Submitted,
Plaintiffs,


/s/ James Novy_____
By One of their Attorneys

Christopher M. Novy
James B. Novy
Rock Fusco, LLC
321 N. Clark Street
Suite 2200
Chicago, Illinois 60610
(312) 494-1000
Attorney No.: 41503